David Lee WRIGHT and Sandra Wright, Appellants,

v.

COMMERCIAL CREDIT CORPORATION, Frank J. Santoro, Trustee, Appellees.

Civ. A. No. 4:94cv129.

United States District Court, E.D. Virginia, Newport News Division.

Feb. 28, 1995.

---

**704**

Richard Gordon Poinsett, Hampton, VA, for appellants David Lee Wright and Sandra Wright.

Melvin Reginald Zimm, Glasser & Glasser, Norfolk, VA, for appellee Commercial Credit Corp.

Frank James Santoro, Portsmouth, VA, for appellee Frank J. Santoro.

## OPINION AND ORDER

DOUMAR, District Judge.

This matter comes before the Court on appellants' appeal of the United States Bankruptcy Court's order denying confirmation of appellants' Chapter 13 plan. Two issues are presented on appeal: (1) Did the Bankruptcy Court err in determining that an adversary proceeding was necessary to determine the value of appellee Commercial Credit Corporation's claim; and (2) did the Bankruptcy Court misinterpret *Nobelman v. American Savings Bank,* — U.S. —, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993)?

The parties have submitted briefs and the Court has reviewed the record of the bankruptcy court. As the Court finds that "the facts and legal arguments are adequately

presented in the brief and record and the decisional process would not be significantly aided by oral argument," this matter is ripe for disposition. Fed.R.Bankr.P. 8012. For the reasons stated below, the ruling of the bankruptcy court is affirmed in part and reversed in part.

### Factual and Procedural Background

On April 4, 1994, appellants David and Sandra Wright filed a petition in bankruptcy under Chapter 13. The Chapter 13 plan was filed with the Bankruptcy Court on May 2, 1994. In that plan, appellee Commercial Credit Corporation was listed as an unsecured creditor. *See* Exhibit 2, Record on Appeal, Chapter 13 Plan, Schedule F. Further, the plan asserted that because the lien held by Commercial Credit Corporation was not supported by the real estate's value, that lien would be avoided, and a judicial determination of the value of the property on which the lien was held would be made. *See* Exhibit 1, Record on Appeal, Chapter 13 Plan, § B–11.[1]

On May 9, 1994, appellee and standing trustee Santoro filed his objection to confirmation of the plan; appellee Commercial Credit Corporation filed its objection to confirmation of the plan on May 16, 1994. A hearing on those objections was held on July 15, 1994, and the Bankruptcy Judge entered an order denying confirmation of the plan on July 26, 1994. This appeal was filed by appellants on August 5, 1994.

On September 30, 1994, appellants filed their brief providing the grounds for the appeal; reply briefs were filed by both appellees on October 19, 1994. The matter is now ripe for decision.

### Analysis

Federal Rule of Bankruptcy Procedure 8013 allows the district court to "affirm, modify or reverse" a bankruptcy court order. Findings of fact are not to be set aside unless clearly erroneous; legal questions are reviewed *de novo. In re Johnson,* 960 F.2d 396, 399 (4th Cir.1992).

---

1. The appellants aver that the parties have since stipulated that there is no equity in the real

property to support appellee Commercial Credit Corporation's claim. *See* Brief of Appellant, at 5.

## 1. Need for Adversarial Proceedings

■ Appellees argued successfully to the Bankruptcy Court that due process required notice and the opportunity to be heard before a determination of appellee Consumer Credit Corporation's status as a secured or unsecured creditor could be made based on the valuation of the property underlying appellee's lien. Appellants contend that a separate adversarial proceeding is unnecessary, and that the Chapter 13 Plan is the appropriate mechanism for making these determinations.

■ When a party asks the bankruptcy court to determine the extent of a lien or the value of the collateral forming the basis of the lien, adversary proceedings are required, as contemplated by Bankruptcy Rule 7001(2)[2] and Bankruptcy Rule 3012.[3] Although § B–11 of the Chapter 13 plan filed by the appellants put the appellees on notice that the debtors/appellants sought a ruling on the extent of their liens and a valuation of the collateral, this notice does not comport with due process. The United States Court of Appeals for the Fourth Circuit case *In re Linkous,* 990 F.2d 160 (4th Cir.1993), is instructive.

In *Linkous,* the Fourth Circuit held that notification via a Chapter 13 plan summary that a debtor intended to treat liens as unsecured violated due process. The court stated that "the bankruptcy court should hold a § 506 hearing in order properly to determine what portions of [the creditor's] loans should be considered secured and what portions unsecured." 990 F.2d at 163. The court suggested that notice in the plan summary would have been sufficient had the debtor informed the creditor that it intended to reevaluate a secured claim under § 506(a). *Id.* The court reasoned,

... notwithstanding the recognized responsibilities of the creditor, the debtor must also meet certain burdens. A debtor should inform the *secured* creditor of an intent to reclassify its claim into partially secured and partially unsecured status. Placing such a responsibility with the debtor is both logical and not unduly burdensome.

*Id.* The Court finds that the present case is sufficiently similar to *Linkous* that its due process protections should apply.

Appellants attempt to distinguish the present case from *Linkous* by noting that in *Linkous,* the creditors received only a plan summary which did not specify that a valuation of property would be conducted. In contrast, appellants argue that in the Chapter 13 plan sent to their creditors, it was clear that the collateral underlying appellee Commercial Credit Corporation's lien was to be valued, and that lien deemed unsecured pursuant to § 506(a), although that section was not specifically referenced. The plan put the creditor on notice of the potential reclassification of its lien, and the creditor responded appropriately, by filing an objection to the Chapter 13 plan. The Chapter 13 plan did not, however, clearly state that a § 506(a) valuation hearing would be held, as *Linkous* requires. The two cases are not distinguishable.

The Court is aware that a number of bankruptcy courts have determined that the Chapter 13 plan is the appropriate mechanism for lien stripping. *See, e.g., In re Williams,* 166 B.R. 615, 620 (Bankr.E.D.Va. 1994) (holding that debtor can provide in Chapter 13 plan for avoidance of lien, and that debtor need not institute a contested proceeding under Rule 4003(d)); *McDonough v. Plaistow Co-op. Bank (In re McDonough),* 166 B.R. 9, 14 (Bankr.D.Mass.1994) (stating that "[L]ienstripping under Chapter

---

**2.** Rule 7001 states in relevant part, "An adversary proceeding is governed by the rules of this Part VII. It is a proceeding ... (2) to determine the validity, priority, or extent of a lien or other interest in property...."

**3.** Bankruptcy Rule 3012 states, "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a

hearing on notice to the holder of the secured claim and any other entity as the court may direct." This rule contemplates hearings on issues arising under § 506(a), pursuant to which "secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value." Notes of Advisory Committee on Rules, Rule 3012.

13 should only be achieved in the context of a plan and not an adversary proceeding. . . ."); *In re Wolf,* 162 B.R. 98, 108 (Bankr.D.N.J. 1993) (holding that Rule 3012 is permissive rather than mandatory, that therefore an adversary proceeding is not required to cram down a lien, and that the Chapter 13 plan is the appropriate mechanism); *In re Lee,* 156 B.R. 628, 630 (Bankr.D.Minn.1993), *aff'd* 162 Bankr. 217 (D.Minn.1993) (holding that a Chapter 13 plan, rather than an adversary proceeding or contested matter, can be the vehicle for avoidance of liens). Nonetheless, in *Linkous* the Fourth Circuit determined that notice and an adversarial hearing were necessary to comport with due process in this situation, and this Court concurs in that ruling.

Accordingly, the Court affirms the Bankruptcy Judge's finding that an adversary proceeding is necessary before appellee Commercial Credit Corporation's status as a secured or unsecured creditor is determined based on the valuation of the property underlying appellee's lien.

### 2. Interpreting *Nobelman* [4]

■ Appellees also successfully argued to the Bankruptcy Court that consensual lien stripping is impermissible following the Supreme Court's decision in *Nobelman v. American Savings Bank,* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). Appellants argue that *Nobelman* applies only when a creditor holds a claim that is at least partially secured; when the creditor's claim is completely unsupported by value, *Nobelman* has no bearing.

In *Nobelman,* the United States Supreme Court held that 11 U.S.C. § 1322(b)(2) prohibits modification of the rights of a holder of a security interest where the claim is secured only by a lien on the debtor's principal residence. —— U.S. at ——, 113 S.Ct. at 2111. § 1322(b)(2) states in relevant part:

[T]he [Chapter 13] plan may—
(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims. . . .

The Court reasoned that although portions of the creditor's claims were unsecured, as defined by 11 U.S.C. § 506(a),[5] the creditor retained rights based on the security instruments themselves, ". . . the rights that were 'bargained for by the mortgagor and the mortgagee,' . . . and protected from modification by § 1322(b)(2)." *Id.* at ——, 113 S.Ct. at 2110 (citation omitted).

In *Nobelman,* the creditors' claims were partially secured and partially unsecured. The United States Bankruptcy Courts seem to agree, however, that *Nobelman* does not apply when the claims held by creditors are completely unsecured by any value. *See In re Williams,* 161 B.R. 27, 29–30 (Bankr. E.D.Ky.1993) (holding that to qualify for protection under § 1322(b)(2), claim must have some component secured by interest in property); *In re Lee,* 161 B.R. 271, 273 (Bankr. W.D.Okla.1993) (holding that where creditor has only unsecured claim, debtors are not prohibited by § 1322(b)(2) from modifying creditor's rights); *In re Kidd,* 161 B.R. 769,

---

4. Appellees contend that the Court should not address the substantive issue of whether *Nobelman* permits stripping of unsecured consensual liens before notice is given and the § 506(a) valuation hearing required by due process occurs. Given the stipulation of the parties that the lien held by appellee Commercial Credit Corporation is unsupported by value, as well as the record before the Court, which indicates that appellee's claim is unsupported by value in the underlying property, it is extremely likely that the appellee will be deemed an unsecured creditor after the required § 506(a) valuation hearing. Therefore, this matter will ultimately turn on whether *Nobelman* applies to unsecured creditors. Accordingly, the Court believes that it is

appropriate to address this substantive issue in the interests of judicial economy.

5. § 506(a) defines the terms "secured" and "unsecured" as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. . . .

770 (Bankr.E.D.N.C.1993) (because creditor has no secured claim, § 1322(b)(2) does not prevent avoidance of the lien); *In re Hornes,* 160 B.R. 709, 714 (Bankr.D.Conn.1993) (holding that holder of totally unsecured claim not entitled to protections of § 1322(b)(2) as defined by *Nobelman* ). *See also In re Williams,* 166 B.R. 615, 618 (Bankr.E.D.Va. 1994) (*Nobelman* inapplicable both because lien was judicial lien and because claim was wholly unsecured). This Court agrees with the overwhelming number of bankruptcy courts that have determined that *Nobelman* does not apply where a creditor's claim is completely unsecured.

Appellees argue that "secured claim" should be defined as a claim for which a lien exists to provide security. If that definition were used, any claim for which a lien exists, regardless of the value (or lack thereof) underlying that lien, would be considered secured. However, § 506(a) does not define the term "secured claim" in that manner. Instead, pursuant to § 506(a), a secured claim is secured only to the extent of the value of the creditor's interest in the estate's interest in such property. Where there is no value underlying the claim, there is not a secured claim, despite the existence of a document to the contrary.

Accordingly, the Court finds that the Bankruptcy Court erred in applying *Nobelman v. American Savings Bank* to a situation where the creditor's claims were seemingly completely unsecured, and holds that appellants are not prohibited from modifying the rights of appellee Commercial Credit Corporation in their Chapter 13 plan if, after an adversarial hearing on the matter, it is determined that appellee Commercial Credit Corporation's lien is completely unsecured.

### Conclusion

Because the Court concurs in part and disagrees in part with the findings of law made by the United States Bankruptcy Judge, the order of the Bankruptcy Court is **AFFIRMED** as to the need to hold an adversarial hearing to determine whether appellee Commercial Credit Corporation is a secured or an unsecured creditor, and **REVERSED** insofar as the Bankruptcy Judge's determination that *Nobelman v. American Savings Bank* prohibited lien stripping in this matter.

This matter is **REMANDED** for proceedings consistent with this order.

**IT IS SO ORDERED.**