In re Carolyn Sue PURDUE, Debtor.

**ASSOCIATES FINANCIAL SERVICES CORPORATION, Appellant,**

v.

**Carolyn Sue PURDUE, Appellee.**

No. C2–95–15.
Bankruptcy No. 94–54592.

United States District Court,
S.D. Ohio,
Eastern Division.

Sept. 29, 1995.

———

Stephen A. Santangelo, Columbus, Ohio, for appellant.

Lloyd D. Cohen, Columbus, Ohio, for appellee.

*OPINION and ORDER*

BECKWITH, District Judge.

■ This matter comes before the Court on the appeal of Associates Financial Services Corporation ("Associates") of the United States Bankruptcy Court's order overruling Associates' objection to confirmation of Debtor Purdue's Chapter 13 plan. This appeal presents one issue: Did the Bankruptcy Court err in ruling, notwithstanding the provisions of 11 U.S.C. § 1322(b)(2)[1], that the Debtor may modify Associates' rights under her Chapter 13 plan, even though Associates holds a lien on Debtor's principal residence? The resolution of that issue requires this Court to examine the language of 11 U.S.C. § 1322(b)(2) and the decision of the United States Supreme Court in *Nobelman v. American Savings Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). Because the issue is purely legal, this Court considers it *de novo*. *In re Caldwell*, 851 F.2d 852 (6th Cir.1988).

1. *Background*

Pursuant to a note executed in August 1991, Associates loaned Debtor $8,091.41 for the payment of non-mortgage debts. Debtor gave Associates a security interest in her residence, which was already encumbered by a mortgage to Chase Mortgage. Associates and Debtor understood that Associates' secu-

---

1. Section 1322(b)(2) provides that the Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

rity interest would be junior to Chase Mortgage's security interest in the same property.

Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in 1994. At that time, Debtor owed Chase Mortgage $34,827.81. The value of Debtor's residence was $32,500.00. Debtor owed Associates $5,818.64.

Pursuant to her Chapter 13 plan, Debtor proposed to repay Associates ten percent of its claim. Associates objected to confirmation of Debtor's proposed plan on the ground that Debtor was prohibited from using the plan to modify Associates' rights under the note executed by Debtor because Associates held a security interest in Debtor's principal residence. Associates based its objection on its interpretation of the Supreme Court's decision in *Nobelman*. The Bankruptcy Court concluded that *Nobelman* did not dictate the outcome of Associates' objection because Associates' claim is wholly unsecured as that term is defined by 11 U.S.C. § 506(a).[2]

Associates appeals the Bankruptcy Court's legal conclusion that Associates is not a holder of a secured claim and, thus, not entitled to the protection from modification of rights afforded by the "other than" clause of 11 U.S.C. § 1322(b)(2). This appeal requires the Court to determine whether the Supreme Court's *Nobelman* decision dictates that the Debtor may not modify Associates' rights under her Chapter 13 plan.

### 2. *Analysis*

■ Prior to the *Nobelman* decision, the federal circuit courts had wrestled with the issue of whether 11 U.S.C. § 1322(b)(2) permitted bifurcation of *undersecured* homestead mortgages. *Nobelman*, — U.S. at —, 113 S.Ct. at 2109, n. 2. At least four circuit courts had held that § 1322(b)(2) permitted a debtor to split the claim of the holder of a security interest in the debtor's principal residence and prohibited the modification of that creditor's rights only to the extent that the security interest was actually

supported by value in the residence. *Id.* (citing *In re Bellamy*, 962 F.2d 176 (2d Cir. 1992); *In re Hart*, 923 F.2d 1410 (10th Cir. 1991); *Wilson v. Commonwealth Mortgage Corp.*, 895 F.2d 123 (3d Cir.1990); *In re Hougland*, 886 F.2d 1182 (9th Cir.1989)). After considering the language of § 1322(b)(2), the Supreme Court concluded that those circuits had erred. *Nobelman*, — U.S. at —, 113 S.Ct. at 2111.

The Supreme Court began its analysis with the words "holders of secured claims" in § 1322(b)(2). The Court concluded that American Savings Bank was a holder of a secured claim "because [the Nobelmans'] home retains ... value as collateral." *Nobelman*, — U.S. at —, 113 S.Ct. at 2110. In concluding that American Savings Bank was a holder of a secured claim, the Supreme Court made reference to the definition of a secured claim in 11 U.S.C. § 506(a). *Id.* The Court observed that § 506(a) would define American Savings Bank's claim as secured up to the value of the collateral and unsecured to the extent that the amount of the claim exceeded the value of the collateral. *Id.* The Court then observed that, although American Savings Bank's claim included an unsecured claim component, American Savings Bank was "still the 'holder' of a 'secured claim.'" *Id.* (citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 239, n. 3, 109 S.Ct. 1026, 1029 n. 3, 103 L.Ed.2d 290 (1989)).

Section 1322(b)(2) permits the modification of the rights of holders of secured claims with one limitation. The statute provides that the debtor may modify the rights of holders of secured claims "other than a claim secured only by a security interest in real property that is the debtor's principal residence." The Supreme Court determined that American Savings' Bank's rights were not subject to modification, because its claim was secured only by a security interest in the Nobelmans' principal residence. *Nobelman*, — U.S. at —, 113 S.Ct. at 2110. The Court rejected the Nobelmans' contention that the "other than" language applies only

---

**2.** Section 506(a) provides, in pertinent part, as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of

the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

to claims that are *wholly* secured by a security interest in the debtor's principal residence. The Court concluded that the most reasonable interpretation of 11 U.S.C. § 1322(b)(2) is that the rights of the holder of a claim that includes a secured claim component supported by a security interest in the debtor's principal residence are not subject to modification. *Nobelman,* —— U.S. at ——, 113 S.Ct. at 2111.

■ Associates' claim does not include a secured claim component. The value of Debtor's principal residence is less than Chase Mortgage's claim. No portion of Associates' security interest is supported by value in the collateral. Accordingly, pursuant to 11 U.S.C. § 506(a), Associates' claim is a wholly unsecured claim. Section 1322(b)(2) permits a debtor, without limitation, to modify the rights of holders of unsecured claims. *See Wright v. Commercial Credit Corp.,* 178 B.R. 703, 706 (E.D.Va.1995).

### 3. *Conclusion*

For the foregoing reasons, the Court concludes that the Bankruptcy Court did not err in overruling Associates' objection to confirmation of Debtor's Chapter 13 plan, and the Court hereby **AFFIRMS** the decision of the Bankruptcy Court.

**IT IS SO ORDERED.**