In re: Larry Dane SMITH, II, Debtor.

**William T. Warthen & Harry J. Warthen, III, Appellants,**

v.

**Larry Dane Smith, II, Appellee.**

No. CIV.A. 3:99CV00053.

United States District Court, W.D. Virginia, Charlottesville Division.

March 14, 2000.

**192**

Katrina Clark Forrest, Hunton & Williams, Richmond, VA, for appellants.

Clarence Lamar Garren, Martin & Raynor, P.C., Charlottesville, VA, for appellee.

W. Stephen Scott, Charlottesville, VA, pro se.

## MEMORANDUM OPINION

MICHAEL, District Judge.

William and Harry Warthen (the "appellants") are appealing the decision of the bankruptcy court to deny the appellants' Motions for Summary Judgment and to grant the Larry Smith's (the "appellee") motion to void the appellants' judicial liens under 11 U.S.C. § 506(d). Jurisdiction is invoked pursuant to 28 U.S.C. § 158(a).

### I.

On June 30, 1998, a jury in the Circuit Court for the City of Richmond awarded judgments against the appellee to appellants totaling $336,722.41. The lawsuit was triggered by an auto accident in which the appellee was at fault. The jury awarded damages for permanent physical injury suffered by William Warthen, a minor at the time of the accident, as well as incidental medical costs expended by Williams' father, Harry Warthen. The appellants docketed the judgments in the land records of Fluvanna County, Virginia, on July 8, 1998, and thus obtained judicial liens against the appellee's real property and improvements located at Route 1, Box 277D, State Route 631, Palmyra, Virginia (the "Real Property"). The appellee's interest in the Real Property is an undivided one-half interest as tenant in common. The Real Property has an assessed value of $64,600. Thus, the appellee's interest in the Real Property is $32,300. The property is burdened by a first mortgage in the amount of $70,768.38, for which the appellee is jointly and severally liable, predating the judicial liens at issue in this case. It is undisputed that the value of the Real Property is less than the amount of the debt secured by the first mortgage lien, which is superior to the appellants' judicial liens. As a result, the appellee has no equity in the Real Property.

On September 30, 1998, the appellee filed a bankruptcy petition pursuant to 11 U.S.C. § 701 et seq. in the Bankruptcy Court for the Western District of Virginia.

The appellee has not listed the Real Property as exempt in his bankruptcy Schedule C, nor filed a homestead deed in the land records of Fluvanna County under the Virginia Code. Further, no proof of claim on behalf of the appellants was filed in the appellee's bankruptcy case. The appellee filed his motion to avoid judicial liens and amended complaint prior to the bar date imposed by Fed. R. Bankr.P. 3004.

On September 30, 1998, the appellee filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Virginia. The appellee then filed against the appellants a Complaint to Set Aside Preferences pursuant to 11 U.S.C. § 522(h). The appellants filed a Motion to Dismiss the Complaint under Fed.R.Civ.P. 12(b)(6), as incorporated by Fed. R. Bankr.P. 7012, for failure to state a claim upon which relief can be granted. Because the appellee's complaint did not allege an exemption in the real property encumbered by the appellants' judicial liens, the appellee lacked standing under 11 U.S.C. § 522(h) to avoid the appellants' judicial liens. Section 522(h) allows a debtor to avoid a preferential transfer of property only to the extent the debtor can claim an exemption in the property.

Before the appellants' Motion to Dismiss could be heard, the appellee agreed to amend his complaint. Thereafter, the appellee filed an Amended Complaint to Set Aside Preferences. The appellee also filed a Motion to Avoid Judicial Liens pursuant to 11 U.S.C. § 522(f), or alternatively, to have them declared void under 11 U.S.C. § 506(d). Section 522(f) allows a debtor to avoid certain judicial liens on the debtor's property that impair an exemption in the property to which the debtor is entitled. Each pleading also requested that the Bankruptcy Court void the appellants' judicial liens against the appellee's property pursuant to 11 U.S.C. § 506(d).

Because the facts of the case are undisputed, the appellants filed separate Motions for Summary Judgment relating to both the amended complaint and the motion to avoid judicial liens. The appellants claimed that the appellee was not entitled to avoid the appellants' judicial liens under 11 U.S.C. §§ 522(f) or 522(h) because the appellee failed to properly perfect an exemption in his real property under state law. The appellants also claimed that the appellee lacked standing to void the appellants' judicial liens under § 506(d), but that even if the appellee had such standing, § 506(d) could not be used by a Chapter 7 debtor to void a lien under *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), or where no proof of claim had been filed on behalf of the appellants.

The Bankruptcy Court heard arguments, and each party filed a post-argument memorandum. On May 21, 1999, the Bankruptcy Court entered an Order and corresponding Memorandum Opinion granting the appellants' motions for summary judgment as they pertained to 11 U.S.C. §§ 522(f) and 522(h). Because of the appellee's failure to perfect his state law exemptions, the Bankruptcy Court held that the appellee was unable to utilize these traditional avoiding mechanisms for debtors to avoid judicial liens.

However, the Bankruptcy Court denied both of the appellants' motions for summary judgment as they related to 11 U.S.C. § 506(d) and granted the appellee's motions under 11 U.S.C. § 506(d) contained in both the amended complaint and the motion to avoid judicial liens. The Bankruptcy Court held that, despite the Supreme Court's holding in *Dewsnup*, the appellee had the ability to use § 506(d) to void the appellants' judicial liens in their entirety because the liens were wholly unsecured. The appellants filed a timely Notice of Appeal from the Bankruptcy Court's Order as it pertained to 11 U.S.C. § 506(d). The appellee did not appeal the Bankruptcy Court's decision regarding §§ 522(f) and 522(h). Therefore, the only issue on appeal to this court is the propriety of the Bankruptcy Court's decision re-

garding the appellee's ability to void the appellant's judicial liens under § 506(d).

## II.

■ The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo. *See Crossroads of Hillsville v. Payne*, 179 B.R. 486, 487 (W.D.Va.1995) (citing *In re Midway Partners*, 995 F.2d 490, 493 (4th Cir. 1993)). The judicial liens held by the appellants are wholly unsecured and because they are not 'allowed secured claims,' the Bankruptcy court held that they are void under § 506(d) of the Bankruptcy Code. Section 506 provides:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such claim....

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....

11 U.S.C.A. § 506 (West 1993). In an effort to show § 506 does not apply, the appellants claim that the appellee does not have standing to void judicial liens under this section, that the holding in *Dewsnup* applies to the present case and that the judicial liens cannot be voided because the appellee did not file a formal proof of claim on behalf of the appellants.

### A. Standing

■ The appellants rely on *Laskin v. First National Bank of Keystone (In re Laskin)*, 222 B.R. 872 (9th Cir. BAP 1998), in arguing that the appellee has no standing to avoid a lien under § 506(d). In *Laskin*, the debtors attempted to avoid a second mortgage which was wholly unsecured because the first mortgage exceeded the value of the property. *Id.* at 873. The court determined that § 506(d) did not

"explicitly confer an avoiding power on a Chapter 7 debtor." *Id.* at 875. Rather, "§ 506(d) provides the avoidance consequences of implementing a host of discrete powers conferred in other parts of the Code rather than acting as an avoiding power per se." *Id.* From this, the appellants urge that the appellee must have standing elsewhere in the Code in order to avoid the lien. The Fourth Circuit has not addressed the issue of standing in this context.

The appellee notes that nothing in § 506 or any other section of the Bankruptcy Code bars this section from applying in Chapter 7 cases. Section 506(d) contains two express exceptions from the attestation that liens that are not allowed secured claims are void, neither of which is the fact that the debtor is a Chapter 7 debtor. Further, one may denote from the Supreme Court's decision in *Dewsnup* that § 506(d) may be applicable to Chapter 7 cases. The Court went into a lengthy analysis of the legislative purpose of the statute. No where had the issue of standing been raised. Had the Court felt this were an issue, surely it would have addressed standing. Similar to the Supreme Court, the Bankruptcy Court below also did not mention the issue of standing even though it was raised by the appellants. For the foregoing reasons, this court finds that standing is not a dispositive issue in the present case.

### B. *Dewsnup Can Be Distinguished From the Present Case*

■ After § 506 was enacted into the Bankruptcy Code in 1984, courts generally found that "the plain language of § 506(a) meant that a creditor held a secured claim for the amount of the lien up to the value of the collateral and an unsecured claim for any amount of the lien over the amount of the value of the collateral." *Crossroads of Hillsville v. Payne*, 179 B.R. 486, 490 (W.D.Va.1995). Further, courts went on to hold that the unsecured portion of a creditor's lien is to be avoided. *See id.*

(citing *In re Crouch*, 76 B.R. 91 (Bankr. W.D.Va.1987); *In re Lindsey*, 823 F.2d 189 (7th Cir.1987); *In re Folendore*, 862 F.2d 1537 (11th Cir.1989); *In re O'Leary*, 75 B.R. 16 (C.D.Ill.1986); *In re Mays*, 85 B.R. 955 (Bankr.E.D.Pa.1988)). The Supreme Court decision of *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), changed the general understanding of this statute.

The appellants contend that *Dewsnup* expressly prohibits Chapter 7 debtors from "stripping off" a creditor's lien under § 506(d). However, *Dewsnup* prohibited "stripping down" a lien, not "stripping off." In *Dewsnup*, a debtor who filed a petition seeking liquidation under Chapter 7, attempted to eliminate a portion of a creditor's mortgage lien on real property to the extent the debt exceeded the value of the property. *Id.* at 413, 112 S.Ct. 773. The debt owed was approximately $120,000, but the value of the property was only $39,000. There were no liens superior to the mortgage. *Id.* The Court refrained from departing from the pre-Code rule that liens pass through bankruptcy unaffected and determined that § 506(d) did not permit "stripping down" liens. *Id.* at 417, 112 S.Ct. 773. The Court emphasized the fact that a mortgage setting is consensual and something the debtor bargained for; thus, the creditor's lien should stay with the real property until foreclosure. *Id.* Further, the Court determined that § 506(a) was not the definitional provision for § 506(d), and that a lien should not be avoided unless the lien was disallowed or not secured by any collateral. *Id.* at 415, 112 S.Ct. 773. However, the Court recognized the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations, and thus, limited the holding in *Dewsnup* to the particular facts of the case. *See id.* at 416–17, 112 S.Ct. 773.

Several courts since *Dewsnup* have attempted to reconcile the holding with other fact patterns. For instance, in *Crossroads of Hillsville*, the court determined that the Supreme Court's decision applied to both consensual and nonconsensual liens. 179 B.R. at 490; *but see In re Yi*, 219 B.R. 394, 400 (E.D.Va.1998) (emphasizing that a judgment creditor takes chances when attempting secure the judgment); *Howard v. National Westminister Bank*, 184 B.R. 644, 647 (Bankr.E.D.N.Y.1995) (distinguishing *Dewsnup* from a case where the debtor was attempting to avoid a nonconsensual judgment lien). The precedent in the Western District is to apply the *Dewsnup* holding to both consensual and non-consensual liens; however, courts in other districts have recognized a distinction between bargained for liens and liens resulting from judgments.

In *Howard*, the value of the property was exceeded by the first mortgage leaving the defendant's judgment lien valueless. 184 B.R. at 645. The court voided the defendant's lien by acknowledging that a judgment lien is non-consensual. *Id.* at 647. As a consequence, "one of the major underpinnings of *Dewsnup* does not apply. Unlike a mortgagee, a judgment creditor takes its chances when attempting to secure the judgment. Therefore, if there is no property to secure the debt then the judgment remains unsecured." *Id.* Similar to *Howard*, the lien in the present case is a judgment lien. The parties did not enter into a consensual arrangement. The court finds the logic in *Howard* to be well reasoned and thus distinguishes the present case from *Dewsnup*.[1]

1. In *Crossroads of Hillsville*, the district court relied on a number of bankruptcy court decisions to determine that a judicial lien was subject to *Dewsnup*. The court went on to state: "[R]egardless of whether this court agrees or disagrees with the rationale of the *Dewsnup* decision, this court is bound by its holding and, thus, Crossroads' lien cannot be avoided by § 506(d)." *Crossroads of Hillsville*, 179 B.R. at 490. This court is unpersuaded by the cases cited by the court in *Crossroads of Hillsville* as they merely assert *Dewsnup* is applicable to nonconsensual liens. Whereas, the more recent case of *Howard* specifically analyzes why *Dewsnup* should not apply to non-consensual liens. Particularly

Courts have also tried to distinguish between liens that are wholly unsecured and liens partially unsecured as in *Dewsnup*. See *Howard*, 184 B.R. at 647; *In re Yi*, 219 B.R. 394, 397 (E.D.Va.1998); *but see Davis v. America Gen. Fin. (In re Davis)*, No. 5–99–00022 (Bankr.W.D.Va. Oct. 26, 1999) (determining that it was improper to utilize § 506(d) to "strip off" a wholly unsecured indebtedness). The Bankruptcy Court found this distinction most influential in voiding the appellant's lien. In *In re Yi*, two prior liens exceeded the value of the debtor's property leaving Citibank's lien wholly unsecured. 219 B.R. at 395. The court distinguished the *Dewsnup* case and held that "stripping down" a lien was prohibited, however, "stripping off" was not. *Id.* at 397. "Stripping down" a lien occurs when an undersecured lien is bifurcated and the unsecured portion is avoided, whereas "stripping off" occurs when the entire lien is avoided. *Id.* at 397 n. 6. Thus, because the full value of Citibank's lien exceeded the value of the collateral, Citibank's claim was unsecured. *Id.; See also Wright v. Commercial Credit Corp.*, 178 B.R. 703, 707 (E.D.Va.1995) (holding "[w]here there is no value underlying the claim, there is not a secured claim"). When a lien is unsecured it may be avoided under § 506(d).[2] As a result, this court should affirm the Bankruptcy Court on this basis.

## C.  Proof of Claim

■ The appellants argue that no proof of their claim has been filed in this case, and assert that where there has been no such filing, the debtor falls within an exception to the voiding provisions of § 506(d), and may not prevail. The pertinent portion of § 506(d) is:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless . . .

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d)(2). To support this claim, the appellants cite *Painter v. First Federal Savings & Loan Assoc. (In re Painter)*, 84 B.R. 59, 62 (Bankr.W.D.Va. 1988). In *Painter*, no proof of claim was filed by any party before the bar date for filing such claim. The court reasoned that "some form of a timely proof of claim be filed before the issue of allowability can be raised." When no proof of claim is filed before the bar date, for purposes of § 506(d) the only known reasons that the creditor's claim is not an allowed secured claim is due to the failure of any entity to file a proof of such claim. Under those circumstances, the case would fall into the § 506(d)(2) exception. See *id.* at 62. The present case can be distinguished from *Painter* because the appellee filed both his motion to avoid the liens and his adversary complaint requesting § 506 evaluation within the 90 day statutory period for proof of claim filing.

Further, in *Wright v. Commercial Credit Corp.*, 178 B.R. 703, 705 (E.D.Va.1995), the court determined that when a bankruptcy court is asked "to determine the extent of a lien or the value of the collateral forming the basis of the lien, adversary proceedings are required." *Id.* at 705.

relevant is the fact the *Dewsnup* not only emphasized that it was limited to its specific facts, but also stressed the bargained for setting in a consensual lien. *Dewsnup*, 502 U.S. at 417, 112 S.Ct. 773.

**2.** *Crossroads of Hillsville* is not dispositive of this issue. In that case, the lien in question was also wholly unsecured. However, the district court never mentioned this fact when determining that the holding in *Dewsnup* applied. Rather, the court focused the opinion on whether *Dewsnup* applied to non-consensual liens. This overlook of the secured versus unsecured distinction may be the result of the time period when the case was decided. *Crossroads of Hillsville* was decided in March 1995. The *Howard* case, which appears to be the first to give relevance to this distinction, was decided in August 1995. Thus, *Crossroads of Hillsville* should not be given much precedential weight in this regard.

The court did not require that a proof of claim be filed, but recommended that the debtor inform the creditor that it intended to reevaluate a secured claim under § 506. This notification would ensure that the creditor received due process protection. *See id.; But see Dembo v. United States,* 126 B.R. 195, 200 (Bankr.E.D.Pa.1991) (holding failure to file a proof of claim for the entire amount of secured creditor's claim bars a § 506 proceeding). The court held that an adversary proceeding is necessary to determine the status of the lien. *See Wright,* 178 B.R. at 706.

In response to the appellee's request of the Bankruptcy Court to void the appellants' judicial liens against the appellee's property pursuant to § 506(d) in both the amended complaint and the motion to avoid judicial liens, the Bankruptcy Court afforded such an adversary proceeding. A complaint in such an adversary proceeding is sufficient to constitute a proof of claim. *See* 4 L. King, *Collier on Bankruptcy* ¶ 506.06[4][b][i] ("Most courts do not require that proof of claim be filed prior to lien avoidance under section 506(d). Thus, complaints or applications to determine the status of the relevant claim under section 506(a), or similarly styled pleadings, have been accepted as the requisite request under section 506(d) for allowance or disallowance.... This appears to be the better view."). Thus, the pleadings which were filed prior to the bar date may substitute for the proof of claim. As a result, this court should affirm the decision of the Bankruptcy Court.

### III.

The court finds that the appellee not only had standing to avoid the appellants' judicial lien and had filed a sufficient substitute for a proof of claim, but that the present case can be distinguished from *Dewsnup* in that appellants' lien was nonconsensual and wholly unsecured. As a consequence, the bankruptcy court properly avoided appellants' judicial lien under

§ 506(d). Thus, this court affirms the decision of the bankruptcy court.