**In re Clark Jestis KIDD, Jr. and Donna Marie Kidd, Debtors.**

**Bankruptcy No. 93–00780–5–ATS.**

United States Bankruptcy Court, E.D. North Carolina.

Oct. 15, 1993.

---

William E. Brewer, Jr., Raleigh, NC, for debtor.

Collen McCulloch, Durham, Wyche, Story, Whitley and Henderson, Raleigh, NC, for Associates Financial Service Co., Inc.

## ORDER DETERMINING STATUS OF LIEN

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion of the chapter 13 debtors, Clark and Donna Kidd, to determine the value of collateral and the status of the claim of Associates Financial Service Company, Inc. A hearing was held in Raleigh, North Carolina on September 7, 1993.

The debtors own a home in Angier, North Carolina that is encumbered by a first lien deed of trust in the amount of $61,268.17 in favor of Raleigh Federal Savings Bank and a second lien deed of trust in the amount of $9,689.41 in favor of Associates. The debtors contend that the home has a value of $59,000 and that Associates' claim is unsecured pursuant to 11 U.S.C. § 506(a). Section 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest in the estate's interest in the property and is an unsecured claim to the extent that the value of the creditor's interest is less than the amount of the allowed claim.

The debtors further maintain that because Associates' claim is totally unsecured, Associates' lien is void pursuant to § 506(d).

Section 506(d) provides that:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Associates first contends that the residence is worth more than the amount of the first and second liens, but the court finds the value of the residence to be $59,000 and further finds that pursuant to § 506(a) Associates' lien is unsecured.

Next, Associates argues that 11 U.S.C. 1322(b)(2) prohibits a chapter 13 debtor from using § 506(a) and § 506(d) to eliminate a lien on the debtors' residence.

Section 1322(b)(2) provides that a plan may:

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

The United States Supreme Court in *Nobelman v. American Savings Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) held that the lien rights of holders of claims secured only by a security interest in real property that is the debtor's residence are protected by § 1322(b)(2) from being reduced by § 506. In that case the value of the residence was $23,500 and the creditor's lien was $71,335. The creditor therefore had a secured claim pursuant to § 506(a) of $23,500 and an unsecured claim of $47,835. The court in *Nobelman* held that § 1322(b)(2) prohibited the "stripdown" of the creditor's lien because that would be an impermissible modification of the lien rights of the holder of a claim secured by the residence. The facts in the present case, however, are significantly different than those in *Nobelman.*

In *Nobelman* the creditor was a partially secured creditor under § 506(a) with a secured claim of $23,500, but in this case Associates has no claim that is secured. The limitation in § 1322(b)(2) only applies with respect to the holder of a claim secured by

the debtor's residence. Associates is not the holder of a secured claim under § 506(a), and the prohibition against modifying the lien on the residence does not prevent the avoidance of the lien under § 506(d). *See, Matter of Plouffe,* 157 B.R. 198 (Bankr.D.Conn.1993) (appeal pending in district court—No. 3:93 CV 1896).

Accordingly, Associates is determined to have no secured claim, no claim secured by the debtor's residence, and Associates' lien is avoided pursuant to § 506(d).

**SO ORDERED.**