In re Mike and Grace SETTE, Debtors.

Mike and Grace SETTE, Plaintiffs,

v.

Andrew BELLO and Gerald Veith, Defendants.

Bankruptcy No. 893–82550–478.
Adv. No. 893–8387–478.

United States Bankruptcy Court, E.D. New York.

March 4, 1994.

Lester & Fontanetta, P.C., by Roy J. Lester, Garden City, NY, for debtors/plaintiffs.

Fischoff, Gelberg & Director by Gary C. Fischoff, Garden City, NY, for defendants.

### DECISION REGARDING EFFECT OF SECTION 506(a) AND (d) OF THE BANKRUPTCY CODE ON CHAPTER 13 WHOLLY UNSECURED SECOND MORTGAGE

DOROTHY EISENBERG, Bankruptcy Judge.

The Chapter 13 Debtors commenced an adversary proceeding seeking a determination by this Court that the Defendants be deemed wholly unsecured creditors in spite of the fact that they hold a valid perfected second mortgage on the Debtors' principal residence. The Debtors further seek a determination by this Court that the mortgage and mortgage note represent an unsecured claim which is voidable as a lien upon the Debtors' property pursuant to 11 U.S.C. § 506(a) and (d), 11 U.S.C. § 1322(b)(2), 11 U.S.C. § 1327(c) and 11 U.S.C. § 1325(a)(5)(B). The Defendants claim that they have a secured interest in the Debtors' principal residence, and as such, may not have their claim stripped down to an unsecured position by virtue of the United States Supreme Court decision in the case of Nobelman v. American Savings Bank, 508 U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). This Court finds that the facts in this case render the Nobelman decision inapplicable.

The facts are not in dispute. The Debtors filed for relief under Chapter 13 of the Bankruptcy Code on May 3, 1993. Prior thereto, on or about October 22, 1987, the Debtors became indebted to the Defendants herein in the principal amount of $86,000. The debt was secured solely by a second mortgage on the Debtors' residence. At the time the Debtors filed the bankruptcy petition, they owed the Defendants $35,930.50 in principal, late charges and arrears. In addition to this second mortgage, there is a first mortgage on the Debtors' residence in the amount of $318,565.08. The parties have stipulated that the fair market value of the property is $280,000. The property is clearly worth substantially less than the sum due to the first mortgagee. The Defendants herein, the holders of the second mortgage, are totally and completely unsecured.

The first issue before the Court is whether a second mortgage holder has a secured claim in the Debtor's principal residence where the value of the property is less than the value of the first mortgage. The second issue is whether the Debtor may have the lien of the second mortgagee voided pursuant to 11 U.S.C. § 506(a), thereby treating the second mortgagee as an unsecured creditor in the Chapter 13 case.

### DISCUSSION

The parties have raised the issue of the applicability of Nobelman v. American Savings Bank, 508 U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), to a wholly unsecured second or subsequent homestead mortgage in a Chapter 13 case. In the Nobelman case, the Supreme Court held that pursuant to Section 1322(b)(2) of the Bankruptcy Code, a Chapter 13 plan could not modify the rights of the holder of an undersecured home mortgage by reducing the claim of that mortgage, under Section 506(a), to the fair market value of the residence. The Supreme Court held that it was impermissible to strip the lien of the first mortgagee and divide it into secured and unsecured claims, where the secured creditor had some collateral to support a secured claim in the property.

Section 1322 of the Bankruptcy Code sets forth how a Debtor may affect the rights of various claim holders under a plan:

(b) Subject to subsections (a) and (c) of this section, the plan may ...

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal resi-

dence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Section 506 refers to the determination of secured status. Section 506(a), in material part, provides as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

.  .  .  .  .

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

In *Nobelman,* the Court interpreted that the phrase "claim secured by" to mean "as referring to the lienholder's entire claim, including both the secured and unsecured components of the claim." *Id.,* at ——, 113 S.Ct. at 2111. The Court held that the *rights* of the claim holder are to be determined by applicable state law, and those rights as both secured and undersecured creditor could not be bifurcated in a Chapter 13 case pursuant to Section 1322(b)(2). This section of the Bankruptcy Code protects creditors with claims secured solely by the debtor's home from having their rights modified. The Supreme Court found the bifurcation to be an impermissible modification.

Despite the holding of *Nobelman,* the Supreme Court did not preclude a preliminary Section 506(a) analysis. The Court determined that the parties were correct in looking to Section 506(a) of the Bankruptcy Code for a judicial valuation of the collateral to determine the status of the bank's secured claim, but decided that "the bank is still the holder of a secured claim because the debtor's home retained ... value as collateral." *Nobelman, supra.* In the case at bar, it is clear that the second mortgage holder retains no valuable collateral and would not receive any proceeds in the event of a liquidation of the real property. The second mortgage holders in this case are totally unsecured pursuant to the meaning of Section 506(a) of the Code, and may have their rights modified under Section 1322(b)(2).

Several courts analyzing the *Nobelman* decision have determined that the Chapter 13 debtor may propose a plan which modifies the rights of a junior mortgagee whose claim is wholly unsecured. *In re Hornes,* 160 B.R. 709 (Bankr.D.Conn.1993); *In re Lee,* 161 B.R. 271, 272 (Bankr.W.D.Okla.1993); *In re Brown,* 91 B.R. 19 (Bankr.E.D.Va.1988); *In re Williams,* 161 B.R. 27 (Bankr.E.D.Ky. 1993). In *In re Hornes,* Bankruptcy Judge Alan H.W. Shiff clearly analyzed the reasoning of the Supreme Court in regard to the issues at bar and there is no need to reinvent the wheel by repeating that analysis. Therefore, this Court adopts the analysis of *In re Hornes.*

This Court further adopts the decision of Chief Bankruptcy Judge Robert L. Krechevsky, in *Matter of Plouffe,* 157 B.R. 198 (Bankr.D.Conn.1993). Judge Krechevsky determined that for a creditor, whose claim is secured solely by an interest in debtor's homestead, to be entitled to the protection of Section 1322(b)(2) of the Bankruptcy Code, the second mortgagee must have at least some interest in the property securing its claim after satisfaction of the senior mortgage. In *Plouffe,* Judge Krechevsky stated that there is neither a logical nor rational basis for a creditor holding a completely unsecured claim to be protected from claim modification in the bankruptcy case simply because the creditor had obtained a lien on the homestead pre-petition. "Treatment under the Code turns on whether a claim is secured or unsecured, not whether a creditor is secured or unsecured." *quoting, In re Bellamy,* 962 F.2d 176, 179 (2nd Cir.1992).

## CONCLUSION

This Court has jurisdiction over the subject matter and the parties pursuant to 28

U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

This Court is in accord with the reasoning in the cases cited herein and finds that since there is no equity or value in the collateral to which the Defendants' second mortgage may attach, the Defendants' claim, may be treated as a general unsecured claim and the Defendants' security interest in the property is hereby voided in its entirety pursuant to 11 U.S.C. § 506(a) and (d).

In the event this case is dismissed, this decision shall be vacated pursuant to 11 U.S.C. § 349(b)(1)(C).

It is so ordered.