**In re Virginia Sue LEE, Debtor.**

**Bankruptcy No. 94–81425.**

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Feb. 14, 1995.

Pamela E. Nail, Cullman, AL, for Debtor.

Joan–Marie Kettell, Huntsville, AL, for American General Finance.

## ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on an objection filed by the debtor to the secured claims of American General Finance (American General) and First Family Finance Services (First Family). Oral arguments were presented to the Court on the 21st day of December, 1994.

In 1982, the debtor executed a first mortgage to Whately, Davin & Company (now assigned to BancBoston) that has a current balance of approximately $34,000.00. The second mortgage is held by H.U.D. in the approximate amount of $81,000.00. The debtor executed a third mortgage on her homestead in favor of American General on or about April 22, 1987, in the amount of $10,286.00. The debtor executed a fourth mortgage in favor of First Family on November 19, 1993, in the amount of $3,376.81.

The debtor purchased the house in 1982, and in 1987 said house was appraised for $27,600.00. In 1993, the Cullman County Revenue Commission's Office appraised the property for $46,900.00. The debtor values her home at $49,900.00 as reflected on schedule A of her bankruptcy petition. American General and First Family do not contest this value.

The debtor alleges that the third mortgage of American General and the fourth mortgage of First Family are totally unsecured because the value of the homestead is less than the balance owed on the first and second mortgages. The debtor also alleges that at the time the third and fourth mortgages were executed, there was no equity in the real property to which the liens/mortgages could have attached.

In 1993, the United States Supreme Court held in the case of *Nobelman v. American Sav. Bank,* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), that a home mortgage could not be bifurcated under Chapter 13 because § 1322(b)(2) says that a Chapter 13 plan may not modify a claim that is "secured only by a security interest in real property that is the debtor's principal residence." The debtor argues that *Nobelman* is not applicable to this matter, and cites the case of *In re Woodhouse,* 172 B.R. 1 (Bkrtcy. D.R.I.1994).

In *Woodhouse,* the District Court of Rhode Island held that Chapter 13 debtors were allowed to "strip off" totally unsecured junior mortgage on their principal residence because the value of the residence was less than the balance owed on the first mortgage. The court reasoned that the mortgagee would be entitled to the protection of § 1322(b)(2) only if it retained at least some security in the property, after satisfaction of the first mortgage. *Woodhouse,* at 2. A literal reading of § 1322(b)(2) excludes a mortgagee whose interest in the homestead is zero. *See also In re Sette,* 164 B.R. 453 (Bkrtcy.E.D.N.Y.1994); *In re Williams,* 161 B.R. 27 (Bkrtcy.E.D.Ky.1993); *In re Moncrief,* 163 B.R. 492 (Bkrtcy.E.D.Ky.1993); *In re Hornes,* 160 B.R. 709 (Bkrtcy.D.Conn. 1993).

In the present case, the debtor valued her home at $49,900.00, and no other evidence was presented regarding valuation. Therefore, the Court finds that the value of the debtor's home is $49,900. The first mortgage of $34,000.00 is totally secured, and the second mortgage of approximately $81,000.00 is secured in the amount of $15,900.00. Because the second mortgage is partially secured, *Nobelman* prevents bifurcation of this claim against the debtor's residence. 11 U.S.C. § 1322(b)(2).

However, the Court agrees with the reasoning set forth in *Woodhouse* and the other cases cited. The mortgages of American General (third) and First Family (fourth) are not secured in any way by the debtor's residence because the value is less than the balance owed on the first and second mortgages. These mortgages are unsecured by definition, and § 1322(b)(2) does not preclude modification of the "rights" of holders of unsecured claims.

It is therefore ORDERED, ADJUDGED AND DECREED that the objection filed by the debtor to the claims of American General and First Family be and hereby is SUS-

TAINED; and the claims are allowed as unsecured.

It is also ORDERED, ADJUDGED AND DECREED that the liens of American General and First Family Financial Services on the debtor's residence are AVOIDED.

Done and Ordered.