### In re Larry Eugene BIVVINS, Pamela Lynn Bivvins, Debtors.

### Bankruptcy No. 96–14276.

United States Bankruptcy Court,
E.D. Tennessee,
Winchester Division.

March 7, 1997.

Janet Songer, Edwards & Songer, Winchester, TN, for debtor.

Richard Klingler, Kennedy, Fulton, Koontz & Faranish, Chattanooga, TN, for Green Tree Acceptance.

## MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

This case is before the court upon the objection by Greentree Financial Corporation ("Greentree") to confirmation of the debtors' chapter 13 plan on the basis of the home mortgage exception in § 1322(b)(2) of the Bankruptcy Code. Greentree contends the home mortgage exception prevents the plan from modifying its rights even if the claim is totally unsecured. Section 1322(b)(2) provides:

> Subject to subsections (a) and (c) of this section, the plan may ... modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2).

The parties have stipulated that the house and lot are real property used by the debtors as their principal residence and that Greentree has a valid and enforceable mortgage on the residence with no other collateral.

The debtors' chapter 13 plan proposes to treat the claim as unsecured. The court must decide whether to confirm the debtors' proposed chapter 13 plan or sustain the objection by Greentree Financial. Greentree has a third mortgage on a house and lot owned by the debtors. The first and second mortgages secure debts that total substantially more than the value of the property. Greentree admits this. Because the value of the property is not sufficient to secure any portion of Greentree's claim, the claim is unsecured as a practical matter. Furthermore, Greentree's claim can not be an "allowed secured claim" under § 506(a) of the Bankruptcy Code.

A claim is undersecured when the value of the collateral is enough to pay only part of the debt it secures. The creditor has an *allowed secured claim* only for the value of the collateral that is available to pay its debt. 11 U.S.C. § 506(a). Section 1325(a)(5) allows cram–down of an undersecured claim. In a cram–down, the debtor can obtain the collateral free of the creditor's lien by paying the present value of the allowed secured claim, not the full amount of the claim. 11 U.S.C. § 1325(a)(5)(B).

The home mortgage exception in § 1322(b)(2) appears to prevent cram–down of an undersecured home mortgage claim, but some courts reached the conclusion that cram–down, or a modified version of cram-down, was allowed. *See, e.g., In re Bellamy*, 962 F.2d 176 (2nd Cir.1992); *In re Hart*, 923 F.2d 1410 (10th Cir.1991); *Wilson v. Commonwealth Mortgage Corp.*, 895 F.2d 123 (3d Cir.1990); *In re Hougland*, 886 F.2d 1182 (9th Cir.1989). The Supreme Court rejected their reasoning and reached the opposite conclusion in *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

The Supreme Court agreed with the chapter 13 debtors' argument that "secured claims" in § 1322(b)(2) means "allowed secured claims" under § 506(a). The court explained that the creditor in *Nobelman* had an allowed secured claim since the collateral had value enough to secure $23,500 of the debt. *Nobelman*, 508 U.S. at 328–30, 113 S.Ct. at 2110.

Next, the Supreme Court adopted the obvious interpretation of "rights." It held that "rights" means the secured creditor's rights as they would be outside of bankruptcy. *Nobelman*, 508 U.S. at 328–30, 113 S.Ct. at 2110. The debtors contended the exception applied only to the creditor's rights in bankruptcy as the holder of an allowed secured claim. They based this argument on interpreting "a claim secured only by" a home mortgage to mean "an allowed secured claim secured only by a home mortgage."

The Supreme Court rejected the debtor's argument, but the course of its reasoning obscures its holding. The court held that "a

claim secured only by" should be interpreted to mean both components of the undersecured creditor's claim—the allowed secured claim for $23,500 and the unsecured claim for the remainder of the debt. The court pointed out that § 506(a) used essentially the same wording to refer to both parts of an undersecured claim. Thus, the exception was not restricted to the creditor's rights in the chapter 13 case as the holder of an allowed secured claim. *Nobelman,* 508 U.S. at 330–32, 113 S.Ct. at 2111.[1]

This reasoning was not entirely necessary for the court to reach the same overall result. Even if "claim secured only by" means "allowed secured claim secured only by," the result would be the same. This is true under the Supreme Court's earlier interpretation of "rights" to mean the rights the creditor would have outside of bankruptcy, not just its rights in the bankruptcy case as the holder of an allowed claim. Since the word "rights" appears only once in § 1322(b)(2), it must mean the same thing with regard to every type of claim dealt with by § 1322(b)(2), including an allowed secured claim secured only by a home mortgage. Thus, the rights protected by the home mortgage exception must be the same rights that can be modified. If "a claim secured only by" meant "an allowed secured claim secured only by," the exception would protect the same rights. Thus, the Supreme Court could have said that so long as the creditor has an "allowed secured claim secured only by" a home mortgage, then the exception protects the creditor's rights under its entire claim.

The Supreme Court's failure to say this gives rise to Greentree's argument, though it requires a slightly different view of the Supreme Court's reasoning. According to this view, the Supreme Court did not expressly *require* the creditor to have an allowed secured claim in order to invoke the exception. Furthermore, the Supreme Court dwelled on the broad meaning of "a claim secured only by" as including the creditor's allowed secured claim and its unsecured claim. It fol-lows, according to Greentree's argument, that the exception applies if the creditor does not have an allowed secured claim; it applies to the creditor's claim that is unsecured only because the value of the property is not sufficient to make the claim an allowed secured claim under § 506(a).

To agree with Greentree's argument, the court must interpret the home mortgage exception as broader than the rule to which it is an exception. According to the Supreme Court, the general rule provides that a plan can modify the rights of holders of *allowed* secured claims. Greentree contends the exception applies to the rights of a claimholder who has only an unsecured claim "secured only by" a home mortgage. This is the same thing as saying that § 1322(b)(2) silently repeats the home mortgage exception in the subsequent portion of the statute that allows a plan to modify the rights of holders of *unsecured* claims.

Judge Lundin takes this view in his treatise on chapter 13. He reasons that the Supreme Court's decision on the meaning of "a claim secured only by" a home mortgage serves no purpose unless it was intended to make the exception apply without regard to whether the home mortgage gives the creditor an allowed secured claim. 1 Keith A. Lundin, *Chapter 13 Bankruptcy* § 4.46 at 4–56 (1994).

Why did the Supreme Court decide whether "a claim secured only by" refers to the creditor's allowed secured claim or its entire claim? Earlier in the opinion the Supreme Court's held that the "rights" protected by the exception are the rights the creditor would have outside bankruptcy, not just its rights in the chapter 13 case as holder of an allowed secured claim. The debtors argued, in effect, that "a claim secured only by" put a restriction on this definition. It protected only the creditor's rights in bankruptcy as holder of an allowed secured claim. The Supreme Court disagreed. It held that "a claim secured only by" refers to the entire

---

1. The debtors' interpretation of the statute was nonsensical for another reason. If "rights" means only the creditor's rights in bankruptcy as holder of an allowed secured claim, then any confirmable plan will not modify those rights.

11 U.S.C. § 1325(a)(1) & (5). There is no need for a statute, such as § 1322(b)(2), that authorizes the plan to modify the creditor's rights and no need for an exception for home mortgages.

claim; it does not restrict the protected rights to the rights the creditor has in the chapter 13 case as holder of an allowed secured claim. The Supreme Court's reasoning disposed of the debtor's argument that "a claim secured by" put a restriction on the court's interpretation of "rights." This reasoning was not absolutely necessary to reach the same overall result, but it served a purpose nevertheless. In this regard, the court observes that courts do not always take the shortest logical route to a decision. Rejecting all the wrong arguments on the simplest grounds can be the most efficient and conservative way of deciding a case.

If the Supreme Court intended to make the exception apply to creditors without allowed secured claims, it certainly could have made the point clearly. The steps in Greentree's argument reveal that the opinion is not clear at all on this point. Furthermore, during the crucial part of the opinion the Supreme Court left no doubt it was dealing with an undersecured claim and a creditor with an allowed secured claim. *Nobelman*, 508 U.S. at 330–32, 113 S.Ct. at 2111.

■ Greentree is not the holder of an allowed secured claim. Therefore, the portion of § 1322(b)(2) that allows a plan to modify the rights of holders of allowed secured claims is irrelevant to how the plan can deal with Greentree's claim. Likewise, the home mortgage exception is irrelevant since it is contained within that portion of § 1322(b)(2). The plan can modify Greentree's rights as the holder of an unsecured claim.

The great majority of reported decisions have reached the same conclusion. *In re Geyer*, 203 B.R. 726 (Bankr.S.D.Cal.1996); *In re Sanders*, 202 B.R. 986 (Bankr.D.Neb. 1996); *In re Libby*, 200 B.R. 562 (Bankr. D.N.J.1996); *In re Purdue*, 187 B.R. 188 (S.D.Ohio 1995); *In re Lee*, 177 B.R. 715 (Bankr.N.D.Ala.1995); *Norwest Financial Georgia, Inc. v. Thomas (In re Thomas)*, 177 B.R. 750 (Bankr.S.D.Ga.1995); *In re Mitchell*, 177 B.R. 900 (Bankr.E.D.Mo.1994); *Castellanos v. PNC Bank (In re Castellanos)*, 178 B.R. 393 (Bankr.M.D.Pa.1994); *In re Woodhouse*, 172 B.R. 1 (Bankr.D.R.I.1994); *In re Sette*, 164 B.R. 453 (Bankr.E.D.N.Y.

1994); *In re Moncrief*, 163 B.R. 492 (Bankr. E.D.Ky.1993); *In re Lee*, 161 B.R. 271 (Bankr.W.D.Okla.1993); *In re Williams*, 161 B.R. 27 (Bankr.E.D.Ky.1993); *In re Kidd*, 161 B.R. 769 (Bankr.E.D.N.C.1993); *In re Hornes*, 160 B.R. 709 (Bankr.D.Conn.1993); *In re Plouffe*, 157 B.R. 198 (Bankr.D.Conn. 1993). A few have agreed with Greentree's argument. *In re Jones*, 201 B.R. 371 (Bankr. D.N.J.1996); *In re Barnes*, 199 B.R. 256 (Bankr.W.D.N.Y.1996); *In re Neverla*, 194 B.R. 547 (Bankr.W.D.N.Y.1996).

■ The court realizes that its interpretation of the statute creates a cut–off point that depends on the valuation of the debtor's home. If the creditor's claim is barely an allowed secured claim under § 506(a), then the exception protects the creditor's rights from modification. For example, the creditor's allowed secured claim may be $500 out of a $10,000 claim; the exception will apply. On the other hand, if the higher priority liens barely exceed the value of the property, then the creditor's rights will not be protected by the home mortgage exception and can be modified. For example, the higher priority liens may secure debts totaling $50,000 on property valued at $49,500. The creditor's lower priority mortgage will not give it any allowed secured claim, and as a result, its entire claim will not be protected by the home mortgage exception. The law sometimes uses cut–off points such as this even if they appear to be unfair. *See, e.g.*, 11 U.S.C. §§ 109(e), 507(a)(3)–(6), 522(d), 523(a)(2)(C) & 547(c)(8). The structure of § 1322(b)(2), however, does not support the conclusion that the exception applies when the claimholder does not have an allowed secured claim. The court will enter an order overruling the Greentree objection to confirmation and a separate order confirming the debtors' plan.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.