**In re Donald S. FRAIZE and Sherry F. Fraize, Debtors.**

**Donald S. FRAIZE and Sherry F. Fraize, Plaintiffs,**

v.

**BENEFICIAL MORTGAGE CORP. OF NH, Defendant.**

Bankruptcy No. 96–11925–MWV.
Adversary No. 96–1133–MWV.

United States Bankruptcy Court, D. New Hampshire.

April 25, 1997.

Geraldine Karonis, Asst. U.S. Trustee, Manchester, NH, for J. Christopher Marshall.

Raymond J. DiLucci, Raymond J. DiLucci, P.A., Concord, NH, for plaintiffs.

Nancy Michels, Michels & Michels, Londonderry, NH, for Beneficial Mtg. Co. of N.H.

Lawrence P. Sumski, Amherst, NH, Trustee.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the complaint filed by Donald and Sherry Fraize, the Debtors, to determine the priority, validity and extent of the mortgage lien held by Beneficial Mortgage Corp. of NH ("Beneficial") as well as confirmation of the Debtors' Chapter 13 plan and an objection thereto filed by Beneficial. The issue raised by the complaint and the objection to confirmation is whether section 1322(b)(2) of the Bankruptcy Code permits the Debtors to treat Beneficial's mortgage as wholly unsecured pursuant to section 506(a) and to avoid Beneficial's mortgage lien pursuant to section 506(d).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### Facts

The facts in this case are straightforward. The Debtors own a parcel of real estate in Manchester, New Hampshire, on which the Debtors' principal residence is located. The real estate is subject to a first mortgage held by Nationsbanc Mortgage Corp. in the amount of $111,641.88. The real estate is also subject to a second mortgage held by Beneficial in the amount of $9,484.57. These liens total $121,126.45. The Debtors and Beneficial agree that the value of the real estate is less than the amount owed on the first mortgage. The parties also agree that Beneficial's mortgage is not secured by any collateral other than the Debtors' principal residence. In their plan, the Debtors propose to treat Beneficial's claim as wholly unsecured and to avoid its mortgage lien. As currently drafted, the Debtors' thirty-six month plan would provide approximately a two percent dividend to unsecured creditors. Beneficial objects to confirmation of this plan.

### Discussion

The issue before the Court is whether the antimodification provision of section 1322(b) of the Bankruptcy Code prevents the Debtors from modifying the rights of Beneficial by treating Beneficial's claim as wholly unsecured in accordance with section 506(a) and avoiding its lien in accordance with section 506(d). Section 1322(b)(2) provides in part, "the plan may ... modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence."

The United States Supreme Court in *Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), held that an undersecured claim fitting within the protection of section 1322(b)(2) could not be bifurcated into a secured and unsecured claim under section 506 of the Bankruptcy Code. The Supreme Court, with respect to an undersecured claim, rejected the argument that it must look to section 506(a) to determine what amount is protected by section 1322(b)(2). Instead, it focused on the "rights" of the holder of secured claims as being that which are protected under section 1322(b)(2). The rights protected are those rights of the mortgagee pursuant to its mortgage documents and state law, which include the right to payment, the right to accelerate upon default, the right to retain its lien until paid in full and the right to foreclose upon default. The Supreme Court, however, did not make any finding with respect to the situation where there would be no secured claim under section 506(a).

Since *Nobelman*, the courts addressing this issue have reached opposite conclusions. The majority position is that section 1322(b)(2) does not prohibit debtors from using section 506(d) to void a lien on the debtors principal residence when the lien is an unsecured claim under section 506(a). *In re Geyer*, 203 B.R. 726 (Bankr.S.D.Cal.1996); *In re Woodhouse*, 172 B.R. 1 (Bankr.D.R.I. 1994). The minority position, which has

gained some recent support, is that the right of a mortgage claimant to be paid in full, even if its claim is wholly unsecured, cannot be modified by a Chapter 13 plan. *In re Jones,* 201 B.R. 371 (Bankr.D.N.J.1996); *In re Barnes,* 199 B.R. 256 (Bankr.W.D.N.Y. 1996); *In re Neverla,* 194 B.R. 547 (Bankr. W.D.N.Y.1996). The Court agrees with the minority position for the following reasons.

First, the Court believes the plain language of the exception in section 1322(b)(2) supports this finding. The language could have easily said, "except for a secured claim ..." but instead refers to a "a claim secured only by a security interest in real property." It follows that Congress intended to except the "claim" held by the mortgagee from modification, whether secured in accordance with a section 506 valuation or not, as long as the claimant held a mortgage on the debtor's primary residence. The term "secured claim" is used throughout the Code, but the draftsmen in this instance chose not to use it.

Second, and probably most persuasive, to allow a section 506 valuation to determine whether the holder of the claim is protected by a section 1322(b)(2) exemption puts too much emphasis on the valuation, which is less than an exact science. If one assumes the value of the debtor's primary residence to be $100,000 and if the first mortgage is equal to that value, then a second mortgagee would hold a zero secured claim under section 506 and not be protected under section 1322(b)(2). However, should the first mortgage be $99,999, the second mortgagee would hold a $1 secured claim under section 506 and, pursuant to *Nobelman,* would be fully protected under section 1322(b)(2). This surely cannot be the result anticipated by Congress.

Finally, as stated in Justice Stevens' concurring opinion in *Nobelman,* the Court's holding is consistent with "legislative history indicating that favorable treatment of residential mortgages was intended to encourage the flow of capital into the home lending market." *Nobelman,* 508 U.S. at 331, 113 S.Ct. at 2112.

Accordingly, the Debtors' complaint is denied and their Chapter 13 plan of reorganization cannot be confirmed. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.