**In re Gail Ann PHILLIPS, Debtor.**

**Bankruptcy No. SG 97–07593.**

United States Bankruptcy Court,
W.D. Michigan.

Sept. 21, 1998.

Christian G. Krupp, II, Krupp Law Offices, P.C., Grand Rapids, MI, for Debtor.

Raymond B. Johnson, Chapter 13 Trustees Office, Grand Rapids, MI, Trustee.

## MEMORANDUM OPINION AND ORDER

JO ANN C. STEVENSON, Bankruptcy Judge.

The issue before this court is whether the rights of a holder of an unsecured second mortgage on the debtor's personal residence may be modified by the debtor's Chapter 13 plan under 11 U.S.C. § 1322(b)(2).

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(a), § 157(b)(1), (b)(2)(B) and (K). Accordingly, the bankruptcy court is authorized to enter a final judgment subject to the appeal rights afforded by 28 U.S.C. § 158 and Fed.R.Bank.P. 8001 et seq.

The following constitutes the court's findings of fact and conclusions of law in accordance with Fed.R.Bank.P. 7052. In reaching its determinations, this court has considered each party's brief and statement of facts.

### Background

Gail Ann Phillips (Debtor) owns a home in Grand Rapids, Michigan presently valued at $54,000.00. First Union Home Equity Bank holds a first mortgage on this property currently in the amount of $57,000.00. With full knowledge of the first mortgage, GreenTree Financial Services (GreenTree) loaned the debtor $7,900.00 on October 7, 1996. As security GreenTree was given a second mortgage in the debtor's residence.

The debtor filed a Chapter 13 bankruptcy on September 4, 1997. She proposed to treat GreenTree as an unsecured creditor in her Chapter 13 plan claiming that because there was no equity in her residence, GreenTree was not a secured creditor. GreenTree filed a secured claim in the bankruptcy and objected to its treatment under the plan asserting that its claim could not be modified due to the anti-modification provision of 11 U.S.C. § 1322(b)(2) as interpreted by the Supreme Court in *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

### Discussion

GreenTree argues that the Chapter 13 plan treats its claim impermissibly because it modifies its rights as a holder of a claim secured by a security interest in the debtor's residence. 11 U.S.C. § 1322(b)(2) states:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims,

In *Nobelman*, the Supreme Court held that under § 1322(b)(2), a debtor could not strip off the lien of a partially secured creditor that held a mortgage on the debtor's principal residence. The Court stated that the term "claim" did not refer back to the term "secured claims" in the preceding clause, but rather stood on its own. Its definition encompassed both the secured and unsecured components of a partially secured creditor's claim. *Id.* at 330–31, 113 S.Ct. at 2111. Consequently, this court interprets *Nobelman* as instructing that a mortgagee must first qualify under 11 U.S.C. § 506(a) as a holder of a secured claim in order to obtain the protection of § 1322(b)(2).

The best analysis of this issue is found in *In re Hornes*, 160 B.R. 709 (Bankr.D.Conn. 1993). The *Hornes* court found that the term "secured claim" can be construed two ways. First, it may be interpreted in the literal sense, that is, a claim that is secured by a lien on collateral. Second, it may be interpreted in the "code" sense, that is, a claim is secured to the extent that there exists some equity in the collateral that secures the claim. *Id.* at 711–12. The court went on to find that the "other than..." clause of § 1322(b)(2), as held by *Nobelman*, refers to a secured claim in the literal sense, but that the term "secured claim" in the preceding clause refers to the secured claim in the "code" sense. A creditor must hold a secured claim in both the literal and the code senses in order to come within the anti-modification provision of § 1322(b)(2). *Id.* at 712. Although GreenTree meets the criteria of a "secured claim" in the literal sense because it holds a claim that is secured by a lien on collateral, it fails in the "code" sense because there is no equity to secure its claim.

Hence, the difference between *Nobelman* and the present case. In *Nobelman* the mortgagee's claim was secured in part.

There is no secured component of Green-Tree's claim because there is absolutely no equity in the debtor's house to which the lien could attach. Therefore, this court finds that *Nobelman* does not apply.

The vast majority of reported cases decided after *Nobelman* that have addressed this issue have held that a wholly unsecured creditor is not protected by the anti-modification provision in § 1322(b)(2) and therefore its rights can be modified by a Chapter 13 plan. *In re Cerminaro*, 220 B.R. 518 (Bankr. N.D.N.Y.1998) (§ 1322(b)(2) does not prevent a Chapter 13 debtor from modifying the rights of a mortgagee holding a wholly unsecured mortgage against the debtor's principal residence); *In re Cervelli*, 213 B.R. 900 (Bankr.D.N.J.1997) (a second lien against residential real property may be "stripped off" if the mortgagee is wholly unsecured); *Scheuer v. Marine Midland Bank (In re Scheuer)*, 213 B.R. 415 (Bankr.N.D.N.Y.1997) (lien stripping is permitted where a debtor's residence had no value in excess of senior liens); *In the Matter of Sanders*, 202 B.R. 986 (Bankr.D.Neb.1996) (where a creditor does not hold a secured claim in the "code" sense, its claim may be modified by a Chapter 13 plan under the plain reading of § 1322(b)(2)); *In re Geyer*, 203 B.R. 726 (Bankr.S.D.Cal.1996); *Wright v. Commercial Credit Corp.*, 178 B.R. 703 (E.D.Va.1995) (prohibition against lien stripping does not apply when creditor's claim is completely unsecured); *Norwest Financial Georgia, Inc. v. Thomas (In re Thomas)*, 177 B.R. 750 (Bankr.S.D.Ga.1995) (a creditor holding a wholly unsecured claim pursuant to § 506(a) is not entitled to the protection of § 1322(b)(2)); *In re Lee*, 177 B.R. 715, 716 (Bankr.N.D.Ala.1995) ("... mortgages... [that] are not secured in any way by the debtor's residence because the value is less than the balance owed on the first or second mortgages... are unsecured by definition and § 1322(b)(2) does not preclude modification of the 'rights' of holders of unsecured claims"); *Castellanos v. PNC Bank (In re Castellanos)*, 178 B.R. 393, 395 (Bankr. M.D.Pa.1994) ("even though a mortgage contract makes a creditor a holder of a claim 'secured by a lien,' that creditor is a 'holder of a secured claim' only because the resi-

dence retained some value as collateral"). *In re Woodhouse,* 172 B.R. 1 (Bankr.D.R.I. 1994); *In re Mitchell,* 177 B.R. 900 (Bankr. E.D.Mo.1994); *In re Sette,* 164 B.R. 453, 456 (Bankr.E.D.N.Y.1994) ("since there is no equity or value in the collateral to which the Defendants' second mortgage may attach, the Defendants' claim, may be treated as a general unsecured claim ...") *In re Lee,* 161 B.R. 271, 273 (Bankr.W.D.Okla.1993); ("Since it is conceded in this case that the value of the residence is less than the amount due under the first mortgage, [the creditor's] second mortgage is wholly unsecured, and [the creditor] is therefore the holder of only an unsecured claim. Thus... debtors are not prohibited by § 1322(b)(2) from modifying the rights of [the creditor] in their Amended Chapter 13 plan."); *In re Kidd,* 161 B.R. 769 (Bankr.E.D.N.C.1993); *In re Plouffe,* 157 B.R. 198 (Bankr.D.Conn.1993) (treatment under the Code turns on whether a claim is secured or unsecured, not whether a creditor is secured or unsecured); *In re Moncrief,* 163 B.R. 492 (Bankr.E.D.Ky.1993).

Policy reasons also support this position. In *Lam v. Investors Thrift (In re Lam),* 211 B.R. 36 (9th Cir. BAP 1997) the court observed that protecting the holders of completely unsecured claims might encourage junior mortgagees to intentionally obtain a mortgage on property that is already overburdened with senior mortgages for the sole purpose of avoiding modification of his or her prepetition contractual rights. Additionally, the congressional intent of encouraging home lending by residential mortgagees does not apply to second mortgagees because they are not in the business of lending money for home purchases. Therefore, the same reasons for protection of first mortgages under § 1322(b)(2) do not exist for second mortgagees. *Id.* at 41.

NOW, THEREFORE IT IS HEREBY ORDERED that the claim of GreenTree Financial Services is and shall be treated as unsecured under the Debtor's Chapter 13 plan.

IT IS FURTHER ORDERED that this Order shall be served by first class, United States mail, postage pre-paid, upon Gail Ann Phillips, Christian G. Krupp, Esq., Green-Tree Financial Services, Michelle K. Clark, Esq., and Chapter 13 Trustee, Raymond B. Johnson.