In re Charles & Ernestina
ORTIZ, Debtors.

Charles & Ernestina Ortiz, Plaintiffs,

v.

Household Finance Corporation,
Defendant.

Bankruptcy No. 98–61144–B–13K.
Adversary No. 99–1151.

United States Bankruptcy Court,
E.D. California,
Fresno Division.

Nov. 3, 1999.

Susan J. Salehi, Ventura, CA, for debtor.

M. Nelson Enmark, Fresno, CA, trustee.

## ORDER GRANTING JUDGMENT IN FAVOR OF DEFENDANT

BRETT J. DORIAN, Judge.

By their complaint filed in this adversary proceeding, plaintiffs, who are chapter 13 debtors, seek to have the defendant's claim, which arose in connection with a loan secured by a junior lien on the debtors' residence, declared to be a wholly unsecured claim pursuant to 11 U.S.C. § 506(a). At trial evidence was submitted as to the amount of the claim of a senior lienholder and as to the parties' contentions as to the value of the debtors' residence. The amount of the defendant's claim was not in dispute.

Plaintiff relies on the decision of the Bankruptcy Appellate Panel ("BAP") in the case of *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1997). Many bankruptcy courts have followed *Lam* in permitting debtors in Chapter 13 cases to treat a creditor holding a junior lien on the debtor's principal residence as wholly unsecured where the value of the residence is less than the amount owing to senior lienholders.[1]

■ It is the view of this court that decisions of the BAP provide trial courts with important guidance but are not bind-

---

1. Because there are such a large number of cases on both sides of this issue which can be located with minimum effort, and because such cases add little to the differing positions on this issue beyond what is found in the cited cases, a compilation of other cases will not be presented.

ing [*In re Bank of Maui*, 904 F.2d 470 (9th Cir.1990) ]. With respect to that court's decision in *Lam*, it is relevant to note that the ruling issued in the total absence of any participation by the defendant. The defendant lien holder made no appearance in the bankruptcy court; but upon the plaintiffs' request for a default judgment, the bankruptcy judge denied relief and dismissed the adversary proceeding on the basis of what the court viewed as binding Supreme Court precedent. The plaintiffs appealed dismissal of the proceeding to the BAP where again there was no participation by the defendant. The only argument presented to the BAP was that of the plaintiff. There was neither briefing nor argument presented to the BAP by the defendant. The sole "opposition" to the plaintiffs' argument before the BAP was the decision by the bankruptcy judge (*Lam at 37–38*).

The Court of Appeals for the Ninth Circuit has recently decided, on an appeal of the BAP's *Lam* decision by the tardily active defendant, that it would not rule on the underlying legal issue or comment on the opposite rulings made by the bankruptcy court and the BAP. Instead the Ninth Circuit took the position that the default of the defendant having been entered in the trial court, the defendant had no standing to pursue an appeal of the BAP's decision. The appeal to the Ninth Circuit was accordingly dismissed. *In re Lam*, 192 F.3d 1309 (9th Cir.1999).

The BAP's *Lam* decision is substantially diminished in precedential value by virtue of the lack of participation on the part of the losing defendant. Accordingly, this court cannot give it the deference it might otherwise command. While mindful of the fact that the *Lam* decision has been broadly accepted by many bankruptcy courts, it does not appear to be correct. Rather it is the view of this court that the decisions in *In re Perkins*, 237 B.R. 658

(Bankr.S.D.Ohio 1999), and *In re Shandrew*, 210 B.R. 829 (Bankr.E.D.Cal.1997),[2] better apply both the intent of Congress in adopting 11 U.S.C. § 1322(b)(2) and the ruling of the United States Supreme Court in *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). The court accordingly concludes that pursuant to 11 U.S.C. § 1322(b)(2) the plaintiffs are not entitled to have the defendant's claim treated as unsecured for purposes of their chapter 13 plan.

Because the underlying legal issue is dispositive of this adversary proceeding, the factual issues are deemed moot and will not be the subject of any findings.

Pursuant to the foregoing,

IT IS ORDERED that judgment is granted in favor of the defendant. The parties shall bear their own costs.

---

**2.** It is acknowledged that the author of the *Shandrew* opinion now follows the subsequent ruling of the *Lam* decision but that he does so in accord with his individual view that decisions of the Bankruptcy Appellate Panel are binding on all courts in this circuit. His current practice therefore does not diminish the thorough, well reasoned and persuasive analysis set forth in the opinion.