## In re Richard E. GERMAN, d/b/a R & S Car Care, Mackie S. German, Debtors.

### No. 00–72636.

United States Bankruptcy Court, E.D. Oklahoma.

Feb. 8, 2001.

J. Ron Wright, Muskogee, OK, for debtors.

Cheryl Triplett, Assistant U.S. Attorney, Muskogee, OK, for Dept. of Housing and Urban Development.

## *OPINION*

TOM R. CORNISH, Bankruptcy Judge.

The issue before the Court is whether a wholly unsecured second mortgage is subject to the antimodification clause set forth in 11 U.S.C. § 1322(b)(2). The Court finds that it is not.

The parties submitted this case to the Court on Stipulations. The Debtors' principal residence is encumbered by two mortgages. The first mortgage is in favor of Rural Enterprise, Inc. ("REI") and the second mortgage is in favor of the U.S. Department of Housing and Urban Development ("HUD"). The value of the mortgaged property does not exceed the balance due on the REI first mortgage. Thus, the HUD mortgage is wholly unsecured as agreed by the parties.

This decision must be based on the interplay of §§ 1322(b)(2) and 506(a) of the Bankruptcy Code. Section 1322(b)(2) allows a Chapter 13 Plan to "modify the rights of holders of secured claims, other than a claim secured only by a security

interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). Section 506(a) provides, in pertinent part, as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Our Supreme Court in *Nobelman v. Am. Sav. Bank,* 508 U.S. 324, 113 S.Ct. 2106, 2108, 124 L.Ed.2d 228 (1993) was faced with the issue of "whether § 1322(b)(2) prohibits a chapter 13 debtor from relying on § 506(a) to reduce an undersecured homestead mortgage to fair market value of the mortgaged residence." The Supreme Court found that § 1322(b)(2) prohibited modification of an undersecured mortgage. In so determining, the court noted:

> But even if we accept petitioners' valuation, the bank is still the 'holder' of a 'secured claim,' because petitioners' home retains $23,500 of value as collateral. The portion of the bank's claim that exceeds $23,500 is an 'unsecured claim componen[t]' under § 506(a), *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 239, n. 3, 109 S.Ct. 1026, 1030 n. 3, 103 L.Ed.2d 290 (1989); however, that determination does not necessarily mean that the 'rights' the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation of its secured claim.

The Supreme Court left open the question of whether a wholly unsecured junior mortgage is subject to the antimodification clause in § 1322(b)(2). This is a case of first impression in this District and there is no Tenth Circuit controlling authority on this issue. There are two Bankruptcy Courts within this Circuit which have dealt with this issue and have reached opposite results. See, *In re Bauler,* 215 B.R. 628 (Bankr.D.N.M.1997) (second mortgage on principal residence is protected from modification pursuant to § 1322(b)(2) even if it is wholly unsecured); *In re Lee,* 161 B.R. 271 (Bankr.W.D.Okla.1993) (modification prohibition in § 1322(b)(2) does not apply to subsequent mortgages which are wholly unsecured). There is much discussion across the country between the Courts and commentators on this narrow issue.

A majority of courts hold that the antimodification provision does not apply to a wholly unsecured subsequent or junior lien.[1] The majority view focuses on the direction in *Nobelman* that "it is correct to look to § 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim." The *McDonald* Court noted: "[o]nce we accept that courts must apply § 506(a), then it follows, even under *Nobelman,* that a wholly unsecured

---

1. See, *In re Dickerson,* 222 F.3d 924 (11th Cir.2000); *In re Tanner,* 217 F.3d 1357 (11th Cir.2000); *In re Bartee,* 212 F.3d 277 (5th Cir.2000); *In re McDonald,* 205 F.3d 606 (3d Cir.2000); *In re Mann,* 249 B.R. 831 (1st Cir. BAP 2000); *In re Lam,* 211 B.R. 36 (9th Cir. BAP 1997); *In re Edwards,* 245 B.R. 917 (Bankr.S.D.Ga.2000); *In re Baez,* 244 B.R. 480 (Bankr.S.D.Fla.2000); *In re McCarron,* 242 B.R. 479 (Bankr.W.D.Mo.2000); *Johnson v. Asset Management Group, LLC,* 226 B.R. 364 (D.Md.1998); *In re Phillips,* 224 B.R. 871 (Bankr.W.D.Mich.1998); *In re Cerminaro,* 220 B.R. 518 (Bankr.N.D.N.Y.1998); *In re Smith,* 215 B.R. 716 (Bankr.W.D.Tenn.1998); *In re Cervelli,* 213 B.R. 900 (Bankr.D.N.J.1997); *In re Bivvins,* 216 B.R. 622 (Bankr.E.D.Tenn. 1997); *In re Geyer,* 203 B.R. 726 (Bankr. S.D.Cal.1996); *In re Sanders,* 202 B.R. 986 (Bankr.D.Neb.1996); *Vaillancourt v. Marlow (In re Vaillancourt),* 197 B.R. 464 (Bankr. M.D.Pa.1996); *Associates Fin. Servs. Corp. v. Purdue (In re Purdue),* 187 B.R. 188 (S.D.Ohio 1995); *Wright v. Commercial Credit Corp.,* 178 B.R. 703 (E.D.Va.1995); *In re Thomas,* 177 B.R. 750 (Bankr.S.D.Ga.1995); *In re Lee,* 177 B.R. 715 (Bankr.N.D.Ala.1995); *In re Sette,* 164 B.R. 453 (Bankr.E.D.N.Y.1994); *In re Mitchell,* 177 B.R. 900 (Bankr.E.D.Mo.1994); *In re Woodhouse,* 172 B.R. 1 (Bankr.D.R.I. 1994); *In re Lee,* 161 B.R. 271 (Bankr. W.D.Okla.1993); *In re Hornes,* 160 B.R. 709 (Bankr.D.Conn.1993); *In re Williams,* 161 B.R. 27 (Bankr.E.D.Ky.1993); *In re Kidd,* 161 B.R. 769 (Bankr.E.D.N.C.1993); *In re Plouffe,* 157 B.R. 198 (Bankr.D.Conn.1993).

470

mortgage holder does not have a secured claim." *McDonald,* 205 F.3d at 611. *Nobelman's* reference to § 506(a) would be meaningless unless some portion must be secured pursuant to § 506(a) for § 1322(b)(2) to apply. *In re Lam,* 211 B.R. at 40.

Other courts find that the antimodification clause applies even if the claim is wholly unsecured.[2] The majority view believes that the legislative history supports its position. The favorable treatment of home mortgages in the Bankruptcy Code "was intended to encourage the flow of capital into the home lending market." *Nobelman,* 113 S.Ct. at 2112 (Justice Stevens concurring). "Because secondary lending is targeted primarily at personal spending, allowing wholly undersecured second mortgages under the umbrella of the antimodification clause would be unlikely to positively impact home building and buying." *Bartee,* 212 F.3d at 293 (citing *In re Lam,* 211 B.R. at 41).

The minority view focuses on the Supreme Court's discussion of the rights of the home lender. These cases reason that if a claim is secured by a debtor's principal residence, it cannot be modified regardless of the allowance or disallowance of the secured claim under § 506(a). The Court in *Bauler* believed that the minority view was the most logical and reasoned approach. *Bauler,* 215 B.R. at 632. The court noted that "[t]he language 'a claim secured only by a security interest in real property' indicates that Congress intended to except the 'claim' from modification." *Id.* at 632–33.

This Court agrees with the majority view. The Supreme Court in *Nobelman*

specifically referred to § 506(a) to determine whether the claim is secured. If the minority's view is accepted, there would be no need for § 506(a). Further, § 103(a) of the Bankruptcy Code specifically states that Chapter 5 of the Bankruptcy Code is applicable to Chapter 13. Again, if the minority view is accepted, § 103(a) would also be meaningless. As a result, the Court finds that a wholly unsecured second mortgage is not subject to the antimodification clause set forth in § 1322(b)(2).

IT IS THEREFORE ORDERED that the Motion to Determine Secured Claim is **granted.**

**2.** See, *In re Lane,* 248 B.R. 534 (Bankr. E.D.Tenn.2000); *Ortiz v. Household Fin. Corp. (In re Ortiz),* 241 B.R. 460 (Bankr. E.D.Cal.1999); *In re Perkins,* 237 B.R. 658 (Bankr.S.D.Ohio 1999); *Boehmer v. ESSEX (In re Boehmer),* 240 B.R. 837 (Bankr.E.D.Pa. 1999); *In re Perry,* 235 B.R. 603 (S.D.Tex. 1999); *Lewandowski v. U.S. Dep't of Housing and Urban Dev. (In re Lewandowski),* 219 B.R. 99 (Bankr.W.D.Pa.1998); *In re Shandrew,* 210 B.R. 829 (Bankr.E.D.Cal.1997); *In re Bauler,* 215 B.R. 628 (Bankr.D.N.M.1997); *Fraize v. Beneficial Mortgage Corp. of N.H. (In re Fraize),* 208 B.R. 311 (Bankr.D.N.H.1997); *Barnes v. Am. Gen. Fin. (In re Barnes),* 207 B.R. 588 (Bankr.N.D.Ill.1997); *In re Robinson,* 231 B.R. 30 (Bankr.D.N.J.1997); *In re Barnes,* 199 B.R. 256 (Bankr.W.D.N.Y.1996); *In re Neverla,* 194 B.R. 547 (Bankr.W.D.N.Y. 1996).