In re Everett E. **ERNST**, and Barbara L. Ernst, Debtors.

Everett E. Ernst, Barbara L. Ernst, Plaintiffs,

v.

**Bank One, N.A., Defendant.**

**Bankruptcy No. 00–35663.**
**Adversary No. 01–3048.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Dec. 19, 2001.

Lester R. Thompson, Dayton, OH, for Everett E. Ernst and Barbara L. Ernst.

Robert K. Hogan, Javitch, Block, Eisen & Rathbone, Cincinnati, OH, for Bank One.

Jeffrey M. Kellner, Englewood, OH, Chapter 13 Trustee.

## DECISION GRANTING DEBTORS' MOTION TO AVOID THE MORTGAGE LIEN OF BANK ONE, N.A.

THOMAS F. WALDRON, Chief Judge.

On April 16, 2001, the debtors through counsel, filed an adversary proceeding to avoid a junior mortgage lien of the defendant/creditor, Bank One, N.A. ("Bank One"), alleging the mortgage was not supported by any value and should be treated as an unsecured claim in any plan confirmed in this Chapter 13 case (Adv.Doc. 1–1). On May 2, 2001, Bank One filed a reply which asserted the mortgage was secured by value and, even if it was a wholly unsecured mortgage, it could not be avoided in this Chapter 13 case (Adv.Doc. 8–1).

Following various filings and pretrial conferences, the parties reached agreements, reflected in a document filed October 19, 2001, captioned Stipulations (Adv. Doc. 19–1). These stipulations provide the real estate which contains the principal residence of the debtors has a fair market value of $95,500.00. The real estate is subject to a lien in favor of the Montgomery County Treasurer for real estate taxes in the amount of $1,359.24. Bank of America holds a first mortgage on the real estate in the sum of $113,280.72. Bank One holds a second mortgage on the real estate in the sum of $12,934.86.

In the factual circumstances of this proceeding, the parties agree that an evidentiary hearing is not required. Pursuant to the Order Requiring Filings (Adv.Doc. 17–

1), which fixed agreed dates for counsel to submit memoranda containing citations of authority in support of their positions, Bank One filed a Memorandum In Opposition To The Avoidance Of Mortgage Lien Of Bank One, N.A. (Adv.Doc. 20–1) and the debtors filed a Memorandum In Support Of Motion To Avoid Mortgage Lien Of Bank One (Adv.Doc. 21–1).

The single issue presented in this proceeding is whether a wholly unsecured mortgage on the debtors' principal residence can be modified and treated as an unsecured claim in this Chapter 13 case.

This purely legal issue has generated a split of authority and resulted in a significant number of written decisions. As Judge Calhoun recently noted in *In re Callander*, 263 B.R. 567, 569 (Bankr. S.D.Ohio 2001):

Research on this question reveals a notable split among courts to have addressed this issue, with a majority willing to distinguish *Nobelman* and allow a wholly unsecured junior mortgage to be stripped off. *See, In re McCarron*, 242 B.R. 479 (Bankr.W.D.Mo.2000); *In re Flowers*, No. 98–11492, 1999 WL 118022 (Bankr.E.D.Va.1999); *Johnson v. Asset Management Group, LLC (In re Johnson)*, 226 B.R. 364 (D.Md.1998); *In re Perugini*, 234 B.R. 247 (Bankr.D.Conn. 1999); *In re Phillips*, 224 B.R. 871 (Bankr.W.D.Mich.1998); *In re Cerminaro*, 220 B.R. 518 (Bankr.N.D.N.Y.1998); *In re Bivvins*, 216 B.R. 622 (Bankr. E.D.Tenn.1997); *In re Smith*, 215 B.R. 716 (Bankr.W.D.Tenn.1998); *In re Scheuer*, 213 B.R. 415 (Bankr.N.D.N.Y. 1997); *In re Cervelli*, 213 B.R. 900 (Bankr.D.N.J.1997); *In re Geyer*, 203 B.R. 726 (Bankr.S.D.Cal.1996); *In re Sanders*, 202 B.R. 986 (Bankr.D.Neb. 1996); *Wright v. Commercial Credit*

*Corp. (In re Wright)*, 178 B.R. 703 (E.D.Va.1995), appeal dismissed without op., 77 F.3d 472 (4th Cir.1996) (unpublished table decision); *Vaillancourt v. Marlow (In re Vaillancourt)*, 197 B.R. 464 (Bankr.M.D.Pa.1996); *Castellanos v. PNC Bank, N.A. (In re Castellanos)*, 178 B.R. 393 (Bankr.M.D.Pa.1994); *In re Mitchell*, 177 B.R. 900 (Bankr. E.D.Mo.1994); *In re Lee*, 177 B.R. 715 (Bankr.N.D.Ala.1995); *In re Woodhouse*, 172 B.R. 1 (Bankr.D.R.I.1994); *In re Sette*, 164 B.R. 453 (Bankr. E.D.N.Y.1994); *In re Hornes*, 160 B.R. 709 (Bankr.D.Conn.1993); *In re Moncrief*, 163 B.R. 492 (Bankr.E.D.Ky.1993); *In re Kidd*, 161 B.R. 769 (Bankr. E.D.N.C.1993); *In re Lee*, 161 B.R. 271 (Bankr.W.D.Okla.1993); *In re German*, 258 B.R. 468 (Bankr.E.D.Okla.2001).

A significant minority of courts, however, have held that *Nobelman* should apply in situations like the one presented here, thus placing a wholly unsecured second mortgage holder's claim within the anti-modification clause of § 1322(b)(2). *See Green Tree Consumer Discount Co. v. Miller (In re Miller)*, No. 99–13446DWS, 1999 WL 1052509 (Bankr.E.D.Pa.1999); *In re Cupp*, 229 B.R. 662 (Bankr.E.D.Pa.1999); *In re Bauler*, 215 B.R. 628 (Bankr.D.N.M. 1997); *In re Shandrew*, 210 B.R. 829 (Bankr.E.D.Cal.1997); *In re Fraize*, 208 B.R. 311 (Bankr.D.N.H.1997); *In re Barnes*, 207 B.R. 588 (Bankr.N.D.Ill. 1997); *In re Barnes*, 199 B.R. 256 (Bankr.W.D.N.Y.1996); *In re Neverla*, 194 B.R. 547 (Bankr.W.D.N.Y.1996); and *In re Lane*, 248 B.R. 534 (Bankr. E.D.Tenn.2000).

Courts within the Southern District of Ohio have also split on this question. *In re Perkins*, 237 B.R. 658 (Bankr. S.D.Ohio 1999) was factually similar to the instant case. In *Perkins*, the value of the senior mortgagee's claim was $45,387.95; the value of the property in question was established as $40,000.00; and the value of the junior mortgagee's claim was $19,458.22. The debtor attempted to strip off the junior mortgagee's lien using the modification power of § 1322(b)(2). The Court, however, would not allow it, writing, "[b]ased on the court's interpretation of § 1322(b)(2) and the Supreme Court's decision in *Nobelman*, the lien is protected from modification regardless of whether the lien would be wholly unsecured after a § 506(a) valuation." *Perkins*, 237 B.R. at 661.

*In re Purdue*, 187 B.R. 188 (S.D.Ohio 1995) was also factually similar to the instant case. There, the value of the debtor's residence was $32,500.00. Chase Mortgage, the senior mortgagee, had a claim of $34,827.81. Associates Financial Services Corporation, the junior mortgagee, had a claim of $5,818.64. Therefore, as in this case, the junior mortgagee's claim was wholly unsecured after a § 506(a) valuation. The District Court, in affirming the Bankruptcy Court's decision, declined to apply *Nobelman*. After pointing out that *Nobelman* involved a claim with a secured component, the Court reasoned, almost syllogistically, "Associates' claim does not include a secured claim component. The value of Debtor's principal residence is less than Chase Mortgage's claim. No portion of Associates' security interest is supported by value in the collateral. Accordingly, pursuant to 11 U.S.C. § 506(a), Associates' claim is a wholly unsecured claim. Section 1322(b)(2) permits a debtor, without limitation, to modify the rights of holders of unsecured claims." *Purdue* 187 B.R. at 190.

Another recent decision, *In re Hoskins*, 262 B.R. 693 (Bankr.E.D.Mich.2001) con-

tains an extended persuasive analysis and collects additional cases.

Given the extensive analysis of this issue by so many courts, this court believes a lengthy, and to a great extent repetitive, discussion of this issue will add little to the body of reported decisions.

Accordingly, this court simply joins the majority of courts which have considered this issue and concludes that where a valuation determination pursuant to 11 U.S.C. § 506(a), or as in this case a stipulation of the parties, establishes there is no value to which a junior lien holder's security interest in the debtors' principal residence can attach, the junior lien holder's rights are not protected from modification by 11 U.S.C. § 1322(b)(2). As a result, a Chapter 13 Plan proposed by the debtors which treats Bank One's claim as unsecured can be confirmed.

Accordingly, the motion of the debtors to avoid the mortgage lien of Bank One, N.A. is **GRANTED**. The amount of the mortgage lien of Bank One shall be treated as an unsecured claim in this case. Upon the debtors' completion of a confirmed case and the granting of the debtors' discharge, the debtors may submit a separate order canceling the mortgage lien of Bank One.

This determination resolves all issues in this adversary proceeding and is an essential element in connection with confirmation issues in the related estate case. The order in accordance with the decision, which is to be simultaneously entered, will be entered pursuant to the provisions of Federal Rule of Bankruptcy Procedure 7054 upon an express determination that there is no just reason for delay.

**SO ORDERED.**